## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**ISIAH GRADY, III  # 138288**                                                                 **PETITIONER**

**versus**                                                                                     **NO. 2:19cv40-KS-RHW**

**ANDERSON JOHNSON**                                                                            **RESPONDENT**

### REPORT AND RECOMMENDATION

Before the Court are [1] the March 21, 2019 Petition for Writ of Habeas Corpus filed by Isiah Grady, III pursuant to 28 U.S.C. § 2254; [14] the June 27, 2019 motion filed by Respondent seeking dismissal of the petition for failure to state a claim upon which federal relief can be granted; and [15] Grady's July 8, 2019 response to the motion.  After reviewing and considering the pleadings, records on file, and relevant legal authority, the undersigned is of the opinion that Respondent's motion should be granted and the petition for federal habeas relief, dismissed.

### Facts and Procedural History

On August 12, 2011, Isiah Grady pled guilty to robbery in Jones County Circuit Court. On September 21, 2011, the court sentenced him to seven years, with three years to be served in full-time custody of the MDOC and the remainder suspended on condition of his successful completion of three years post-release supervision and successful completion of the Circuit Court Community Service Program.  [14-1], [14-2], [14-3]  Grady states he was released on Earned Release Supervision on May 31, 2016, and that he was released on probation on March 21, 2017. [1, p. 5]  The court revoked Grady's probation on February 9, 2018 and sentenced him to serve four years for robbery.  He is  presently confined at Issaquena County Correctional Facility in Mayersville, MS where Respondent Johnson is the Warden.

By affidavit filed November 28, 2017, Jerald Parrish, Director of the Circuit Court Community Service Program, stated that Grady had not reported for community service since March 25, 2017, was $450 in arrears on Community Service supervision fees,[1] and had failed to notify the Community Service Director of his change of address. [14-6, p. 8] In an affidavit filed December 1, 2017, MDOC Field Officer Taletha Winston averred that Grady had failed to notify her of changes in his address and had left the State of Mississippi without permission. [14-6, pp. 6-8] The Jones County Circuit Court conducted a hearing in the matter on February 8, 2018, hearing testimony from Parrish, Winston and Grady. On the record in open court, the judge revoked the Grady's suspended sentence and ordered him to serve four years, based on findings that Grady had failed to advise his field officer of his change of address; that he failed to attend and fulfill his Community Service requirements, and failed to pay Community Service fees; and that he had failed to pay costs, fine and public defender fee as ordered. [14-7, pp. 31-32] The revocation order filed February 12, 2018 includes these findings. [14-5]

Grady filed the present habeas petition March 21, 2019, claiming that MDOC has not properly credited against his sentence earned-discharge credits which he contends are due him for the time he was on probation from March 21, 2017 to November 30, 2017. Thus, he claims he has completed his four-year sentence, should have already been released, and is being falsely imprisoned.[2] Respondent urges the petition should be dismissed for failure to state a cognizable claim for federal habeas relief because the statutes upon which Grady relies provide only an expectation of receiving earned-discharge credits, not a liberty interest protected by the Constitution. Alternatively, Respondent asserts federal habeas relief is unavailable to Grady because he failed to exhaust state court remedies prior to filing this lawsuit.

---

[1] By the time of the hearing, the arrearage was $550 according to Parrish's testimony. [14-7, p. 8]
[2] All four grounds Grady states in his petition rest on the earned-discharge credits argument.

Law and Analysis

Federal habeas relief is available to a person in custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983), *cert. denied*, 464 U.S. 853 (1983). The Constitutional violation Grady claims is that he has been denied credit for earned-discharge credits for the time he was on probation,[3] from March 21, 2017 until November 30, 2017; because the MDOC has not applied such credits to his sentence, Grady alleges he has completed the four-year sentence he received upon revocation of probation in February 2018 and is being wrongfully held. [14-8, pp. 3-4]

The statutes upon which Grady relies are part of the Probation and Parole Law, Title 47, Chapter 7 of the Mississippi Code, which grant the MDOC the authority to award earned-discharge credits and to establish rules and regulations regarding the program:

> The commissioner shall establish rules and regulations for implementing the earned-discharge program that allows offenders on probation and parole to reduce the period of supervision for complying with conditions of probation. The department[4] shall have the authority to award earned-discharge credits to all offenders placed on probation, parole, or post-release supervision who are in compliance with the terms and conditions of supervision.

Miss. Code Ann. § 47-7-40(1) (effective July 1, 2014). The award of earned-discharge credits is expressly limited to offenders "*complying with*," or "*in compliance with the terms and conditions of supervision*." Subsection (2) of the statute provides that "an offender is deemed to be in compliance with the conditions of supervision *if there was no violation of the conditions of*

---

[3] While Grady was technically on post-release supervision, that program is conducted in the same manner as supervised probation. Miss. Code Ann. §§ 47-7-34(2); 47-7-37(9).

[4] "Department" is defined as the Mississippi Department of Corrections. Miss. Code Ann. § 47-7-2(g).

*supervision*." (emphasis added)  That the award of earned-discharge credits is permissive rather than mandatory is evidenced in Miss. Code Ann. § 47-7-37(1), "The time served on probation … *may* be reduced pursuant to Section 47-7-40." (emphasis added)  While Miss. Code Ann. § 47-7-40 may result in reduction of time spent under supervised probation for one who complies with the terms and conditions of his probation, nothing in the statute indicates the earned-discharge program was intended to operate to reduce a prison term imposed on revocation for violating the terms of probation.  Indeed, Miss. Code Ann. § 47-7-37(7) states, "no part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve."

To the extent that Grady is claiming the MDOC is not properly applying Mississippi law, he does not state a claim for federal habeas relief.  *Wansley v. Mississippi Dept. of Corrections*, 769 F.3d 309, 312 (5th Cir. 2014)(argument that the state is incorrectly applying its own law provides no basis for federal habeas corpus relief; "proper interpretation of state law is not cognizable in federal habeas proceedings").  Furthermore, the undersigned is of the opinion that Grady has failed to show he has a protected liberty interest in the "earned-discharge credits" to which he claims entitlement, and upon which he bases his claims of false imprisonment or deprivation of life, liberty and justice.  In Mississippi, parole is discretionary, "so prisoners … have no liberty interest in parole."  *Wansley*, 769 F.3d at 312; *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987) ("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest.").  The award of earned-discharge credits to reduce the time spent on probation is likewise discretionary with the MDOC.  *See*, Miss. Code Ann. § 47-7-40; § 47-7-37(1) (time served on probation *may* be reduced under § 47-7-40).  Because the award of earned-discharge credits to reduce the time

spent on probation is discretionary with the MDOC, it gives rise to no liberty interest protected by the constitution. *Wansley*, 769 F.3d at 312.

Furthermore, the evidence does not show Grady was in compliance with the terms and conditions of his probation: the testimony of Mr. Parrish, Officer Winston and Grady himself shows he was *not* in compliance with the terms/conditions of probation. Following his release on probation, he failed to report for community service after March 25, 2017, performed only 28 hours of community service from January to March, was $550 in arrears on community service fees, and had never given Mr. Parrish notice of a change of address. [14-7, pp. 8-9] Although he requested and received permits from Winston to travel to Louisiana to drive trucks for his brother, and he actually went to Louisiana at least twice, he admittedly never drove a truck on his trips. [14-7, pp. 27-29] He admittedly changed his residence address at least twice without notifying Officer Winston, and last reported to Winston September 20, 2017. [14-7, pp. 10-15, 18] The undersigned finds no merit in Grady's arguments based on earned-discharge credits. Even were that not the case, the undersigned would hold Grady's petition fails to state a cognizable claim for federal habeas relief because he failed to exhaust state court remedies prior to filing this action.

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). By statute:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or

>(B)(i) there is an absence of available State corrective process; or
>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To satisfy the exhaustion requirement, a federal habeas petitioner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. That is, before filing the petition in this case, Grady was required to first present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to pass upon them. "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-842 (1999). As demonstrated by Grady's Administrative Remedy Program (ARP) files, he never properly raised his complaints regarding earned-discharge credits. His only ARP regarding the lack of earned-discharge credits for the time he was on probation in 2017 was rejected as untimely because it was not filed until March 2019. [14-8] From the records presented, the undersigned finds Grady did not properly exhaust state court remedies before filing this petition.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Respondent's motion be granted and the petition, dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after service of a copy of this Report and Recommendation, a party may file written objections to it, specifically identifying findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. Any response to objections must be filed within seven days after service. Failure to timely file written objections bars a party, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the

District Court to which he did not object. *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 30th day of October 2019.

/s/ *Robert H. Walker*

**ROBERT H. WALKER**
**UNITED STATES MAGISTRATE JUDGE**